IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| ACL REALTY CORP. ) | |
| ) | |
| Plaintiff ) | |
| ) | **ANSWER** |
| v. ) | |
| ) | Civil Action No. 7:07-cv-00124 |
| .COM PROPERTIES, LLC ) | |
| ) | |
| and ) | |
| ) | |
| .COM PROPERTIES II, LLC ) | |
| ) | |
| Defendants ) | |

COME NOW .Com Properties, LLC and .Com Properties II, LLC and file this their Answer to the Complaint heretofore filed against them by ACL Realty Corp. and in support thereof would state as follows:

Jurisdiction and Venue

1.   These Defendants admit that the dispute arises out of a written contract and amendments thereto relating to the sale by the Defendants to the Plaintiff of a parcel of commercial real estate located in Salem, Virginia. The Defendants would specifically allege that all provisions contained in the contract and the amendment are enforceable.

2.   The Defendants are not advised as to the allegations set forth in Paragraph 2 and call for strict proof of the same.

3.   The Defendants admit the allegations set forth in Paragraph 3.

4.   The Defendants admit the allegations set forth in Paragraph 4.

5.   The Defendants admit the allegations set forth in Paragraph 5.

## Statement of Pertinent Facts

6. These Defendants would admit that the parties entered into a written contract dated April 1, 2006 relating to the sale and conveyance by the Defendants to the Plaintiff of a parcel of land know as West Salem Plaza located in the City of Salem. The Defendants would admit that a copy of the contract is attached as Exhibit A to Plaintiff's Complaint.

7. As to the allegations set forth in Paragraph 7, the Defendants would specifically allege that the provisions of the contract speak for themselves and thus no further answer is required.

8. The Defendants would admit that the language set forth in Paragraph 8 is contained within the contract. The Defendants would further state that said provision is not the only provision contained in the contract and the amendments thereto related to damages and that the language of the contract and the amendments speaks for itself.

9. As to the allegations set forth in Paragraph 9, the Defendants admit that ACL did not close on the transaction but these Defendants are without knowledge as to the reasons therefore and call for strict proof of the same.

10. These Defendants would admit that the parties entered into an amendment to the contract dated October 20, 2006, a copy of which is attached as Exhibit B to Plaintiff's Complaint.

11. The Defendants would admit the allegations set forth in Paragraph 11.

12. As to the allegations set forth in Paragraph 12, these Defendants would admit that an additional amendment was executed on November 14, 2006, and is attached as Exhibit D to Plaintiff's Complaint. These Defendants would state that the language of this amendment as well as the October amendment speaks for itself.

13. These Defendants would state that the language of the November amendment speaks for itself and thus no further answer is required.

14. These Defendants would state that the language of the November amendment speaks for itself and thus no further Answer is required.

15. The allegations set forth in Paragraph 15 are a legal conclusion. The language of the November amendment speaks for itself and thus no further answer is required.

16. These Defendants would admit receiving the letter dated February 7, 2007 which is attached as Exhibit E. The Defendants are not advised as to the remaining allegations set forth in Paragraph 16 and call for strict proof of the same.

17. The allegations set forth in Paragraph 17 are admitted.

18. These Defendants admit receiving the check identified in Paragraph 18 in the amount of Ninety Seven Thousand Five Hundred Dollars (97,500.00). The Defendants are not advised as to the remaining allegations set forth in Paragraph 18 and therefore call for strict proof of the same.

19. The allegations set forth in Paragraph 19 are denied.

20. As to the allegations set forth in Paragraph 20, the Defendants would admit that they sent the letter dated February 13, 2007 attached as Exhibit H to Plaintiff's Complaint.

21. The defendants admit receiving the letter dated February 21, 2007.

22. The defendants admit that they retained possession of the check in the amount of Ninety Seven Thousand Five Hundred Dollars ($97,500.00) and have not negotiated the check. The Defendants are not advised as to whether the funds are available on the ACL account.

23. The allegations set forth in Paragraph 23 are denied.

24. The allegations set forth in Paragraph 24 are admitted to the extent that said language is included within the contract. The remaining allegations set forth in Paragraph 24 are denied.

### Count I – Declaratory Relief

25. These Defendants incorporate the Answers set forth in Paragraphs 1 through 24 as if fully set forth herein.

26. The Defendants admit that there is a dispute between the parties concerning the right of the Defendants to receive additional funds under the October and November amendments. The Defendants specifically deny the remaining allegations set forth in Paragraph 26.

27. No Answer to Paragraph 27 is required as it sets forth the Plaintiffs position in this matter.

28. The Defendants admit that the contract calls for additional sums to be paid commencing May 10, 2007 and thus this matter is right for a speedy hearing as authorized under Rule 57 of the Federal Court Rules of Civil Procedure.

29. All allegations not specifically admitted herein are denied.

WHEREFORE, .Com Properties, LLC and .Com Properties II, LLC respectfully request that the Court enter a Declaratory Judgment ordering that the additional funds set forth in the November addendum are due and payable together with such other and further relief as the nature of the cause may require.

**.Com Properties, LLC**

BY /s/ Edward A. Natt
_____

**.Com Properties II, LLC**

BY /s/ Edward A. Natt
_____

Edward A. Natt, Esq. (VSB #1104)
OSTERHOUDT, PRILLAMAN, NATT,
　HELSCHER, YOST, MAXWELL &
　FERGUSON, P.L.C.
P. O. Box 20487
Roanoke, VA  24018-0049
Phone:　　(540) 725-8180
Fax:　　　 (540) 774-0961
Email:　　 enatt@opnlaw.com

*Counsel for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2007 I electronically filed the foregoing Answer and Counterclaims with the Clerk of the Court using the CM/ECF system which will send electronic notification to: Stephen Test, Williams Mullen, 222 Central Park Avenue, Suite 1700, Virginia Beach, Virginia 23462-3035, counsel for Plaintiff.

/s/ Edward A. Natt
_____