IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ACL REALTY CORP., | ) |
| Plaintiff, | ) ) ) |
| | ) Civil Action No. 7:07CV00124 |
| v. | ) ) **MEMORANDUM OPINION** |
| .COM PROPERTIES, LLC, | ) ) By: Hon. Glen E. Conrad |
| Defendant. | ) United States District Judge |

ACL Realty Corporation ("ACL") brings this declaratory judgment action against .Com Properties, LLC (".Com"), requesting the court to strike a provision of a contract between the parties. Jurisdiction is premised on diversity of citizenship. See 28 U.S.C. § 1332(a). The case was filed in this court on March 14, 2007, and is currently before the court on the parties' cross motions for summary judgment. For the reasons stated in this memorandum opinion, the court will grant the plaintiff's motion for summary judgment and deny the defendant's motion for summary judgment.

## BACKGROUND

This case arises out of a written contract for ACL's purchase of a piece of commercial real estate from .Com. In the contract executed on April 21, 2006, ACL agreed to purchase West Salem Plaza. The contract required ACL to deposit $250,000 into an escrow account and to deposit an additional $50,000 every thirty days until the parties closed on the transaction. Compl. Ex. A ¶ 3, Agreement for the Sale and Purchase of Real Estate ("Agreement"). Closing was expected to occur within six months of the date of execution. Id.

The Agreement provided that:

> In the event Purchaser defaults or fails to perform any of the covenants and conditions of the Purchaser in this Agreement, Seller's sole and exclusive remedy at law or in equity shall be to give written notice to Purchaser and Escrow Agent and for Escrow Agent to pay to Seller the Earnest Money, as full liquidated damages. The parties acknowledge that Seller's actual damages in the event of a default by Purchaser under this Agreement will be difficult to ascertain, that such liquidated damages represent the parties' reasonable and best estimate of such damages. The parties expressly acknowledge that the foregoing liquidated damages are intended not as a penalty, but as full liquidated damages, in the event of Purchaser's default. Such retention of the Earnest Money shall be the sole and exclusive remedy of Seller by reason of a default by Purchaser under this Agreement, and Seller hereby waives and releases any right to sue Purchaser, and hereby covenants not to sue Purchaser, for specific performance of this Agreement or to prove that Seller's actual damages exceed the Earnest Money which is herein provided Seller as full liquidated damages.

Id. at ¶ 4.

ACL was not able to close on the transaction within the six months provided. On October 20, 2006, ACL and .Com executed an Amendment to the Agreement. It increased the purchase price of the property from $10,000,000 to $10,250,000, plus $2,500 per day until the closing. Compl. Ex. B ¶ 2, Amendment ("October Amendment"). The October Amendment provided that the incremental $2,500 payments would be placed in the escrow account and received by the Seller in the event of the Buyer's breach. In addition to the liquidated damages provision, the October Amendment to the Agreement provided:

> The Buyer agrees to pay the Seller $250,000.00 as a penalty if Buyer does not close on the property by April 30, 2007. This payment will be paid no later than May 10, 2007. If for any reason Buyer does not pay $250,000.00 to the Seller by

2

May 10, 2007 there will be an additional penalty of $5000.00 per day for each day past May 10, 2007, added to the penalty until the full amount is paid.

Id. at ¶ 6.

On November 14, 2006, the parties executed another Amendment. This Amendment contained the same financial provisions as the October Amendment, although damages were assessed for each day after April 30, 2007 that the $250,000 was not paid. Compl. Ex. D ¶ 6, Amendment ("November Amendment"). A handwritten codicil also provided:

Notwithstanding anything to the contrary in this Amendment, Purchaser will be entitled to terminate this Agreement at any time prior to closing. Then and in that event, Purchaser will forfeit any Earnest Money paid or payable to the date of termination plus the penalty payable in paragraph 6.

Id.

On February 7, 2007, ACL notified .Com that it would be unable to complete the purchase and would have to terminate the contract. As a result of the termination, .Com received $775,000 plus interest in deposits and liquidated damages from the escrow account. ACL also sent an additional check for $97,500, pursuant to ACL's liquidated damages obligations. .Com responded to ACL by seeking payment of the penalty set forth under the October Amendment and the November Amendment. ACL refused to pay, arguing that the amounts claimed constituted an invalid penalty.

On March 14, 2007, ACL filed a motion for declaratory judgment, requesting the court to strike the provisions in question from the contract and to enter a preliminary order tolling the penalty provision until the case has been concluded. The plaintiff and defendant each filed a motion for summary judgment on May 8, 2007, and a hearing on the motions was held on May 15, 2007.

3

## STANDARD OF REVIEW

The case is presently before the court on the parties' cross motions for summary judgment. Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is properly granted if "there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment should be granted by the court, "only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law ...." Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (internal quotations omitted). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Industries, Inc., 763 F.2d 604, 610 (4th Cir. 1985).

## DISCUSSION

Virginia law holds that contracting parties can set forth in advance an amount to be paid as compensation for breach of the contract, or liquidated damages, "[w]hen the actual damages contemplated at the time of the agreement are uncertain and difficult to determine with exactness and when the amount fixed is not out of all proportion to the probable loss ...." Taylor v. Sanders, 353 S.E.2d 745, 746-47 (Va. 1987). However, "when the damages resulting from the breach are susceptible of definite measurement or when the agreed amount would be grossly in excess of actual damages, courts usually construe such an agreement to be an unenforceable penalty."[1] 301 Dahlgreen Ltd. P'ship v. Bd. of Supervisors of King George County, 396 S.E.2d 651, 653 (Va. 1990). To determine whether a stipulated amount is liquidated damages or an

---

[1] The parties agree that Virginia contract law is applicable to this case.

4

unenforceable penalty, the court must examine "the intent of the parties as evidenced by the entire contract viewed in light of the circumstances under which the contract was made." Taylor, 353 S.E.2d at 747.

The plaintiff claims that the Amendments provide for an unenforceable penalty. First, under the plaintiff's argument, the payments were clearly intended to be a penalty, as stated in the words of the Amendments. Second, the plaintiff claims that the existence of other liquidated damages provisions compels the conclusion that the clauses at issue were intended to impose a penalty. Finally, the plaintiff asserts that even if the parties had intended the payments styled as a penalty to serve as liquidated damages, the damages do not bear a relation to the actual damages and are therefore an unenforceable penalty.

The defendant contends that the payments in question are, in fact, proper liquidated damages. According to the defendant, these additional amounts were necessary to compensate the defendant for losses incurred as a result of a large number of tenants leaving the property. The defendant claims that the parties agreed to the additional amounts referenced in the Amendments based on a realization that the contract might be terminated rather than merely delayed.

As the party challenging the validity of a contract provision, ACL bears the burden of showing that the clause is unenforceable. O'Brian v. Langley School, 507 S.E.2d 363, 365-66 (Va. 1998). Based upon the evidence and arguments of the parties, and taking all the facts in the light most favorable to the defendant, the court concludes that the plaintiff has met this burden and that the clause in question can only be interpreted as an unenforceable penalty provision. Viewing the entire contract in light of the circumstances in which it was made, the parties

distinguished the clauses at issue from proper liquidated damages both in practice and in the contract language.

First, the clauses at issue provided for payments "out of all proportion to the probable loss." Taylor, 353 S.E.2d at 746-47. The Agreement itself provided for "full liquidated damages," and that section clearly stated that "the foregoing liquidated damages are intended not as a penalty, but as full liquidated damages." Agreement ¶ 14. The parties clearly identified liquidated damages in the initial Agreement, and did not use such language in characterizing the provision at issue. The October Amendment of the parties required payment of an additional $2,500 per day until closing. October Amendment ¶ 3. In that Amendment, a separate provision provided for a "penalty" of $250,000 plus $5,000 per day, based upon the closing date. Id. at ¶ 6. The November Amendment similarly distinguished between ¶ 6 and an earlier provision charging $2,500 per day as of October 21, 2006. November Amendment ¶ 3, ¶ 6. To find that the provisions at issue are liquidated damages would require the court to rewrite the contract and to conclude that the parties intended to provide for liquidated damage payments in two separate sections of the Amendments. The court concludes such an interpretation cannot be sustained; earlier portions of the Agreement and the October and November Amendments provided for reasonable liquidated damages, and these damages are clearly distinguished from the remaining sum. Therefore, the court concludes that the payments at issue are a penalty, rather than additional liquidated damages, and that the liquidated damages were intended by the parties as the sum necessary to make the defendant whole.

In reaching these conclusions, the court recognizes, viewing the record in the light most favorable to .Com, that the defendant's situation regarding the sale of the property did change
6

between the time of the original Agreement and the November Amendment. However, as noted above, other provisions of the Amendments allowed for the defendant to receive additional consideration. For instance, the Amendment raised the purchase price of the property from $10,000,000 to $10,250,000, and required the payment of $2,500 a day to the escrow account subject to forfeiture in the event of a breach. November Amendment ¶ 6. Therefore, the defendant's change in situation does not lead the court to conclude that ¶ 6 was intended by the parties so as to provide for additional liquidated damages, because reasonable liquidated damages were already quantified elsewhere in the Agreement. The additional payments at issue would cause the liquidated damages to far exceed the defendant's actual damages.

Furthermore, the parties agree that the November Amendment contained a provision describing additional charges as a "penalty." It is true that the wording of the contract is not necessarily decisive; courts do not need to give "conclusive effect" to descriptions of payments as "liquidated damages" or "penalties." Shirland Arms Corp. v. Hall Constr., Inc., 67 Va. Cir. 299, 304 (Va. Cir. 2005). For instance, if a party enters into a contract describing a payment as "liquidated damages" and damages from a breach of the contract are measurable or the payment is "grossly in excess of actual damages," a liquidated damages clause might actually be found to be an unenforceable penalty. O'Brian, 507 S.E.2d at 365. However, in light of the distinction made by the parties in characterizing the liquidated damage clause of the original Agreement and ¶ 6 of the Amendment, the court concludes that the language of the clauses at issue supports the conclusion that the payments are unenforceable penalties.

The words of the contract clearly demonstrate that the parties intended the provision as a penalty. The November Amendment stated that ACL would pay $250,000 "as a penalty," and

7

the Amendment described an "additional penalty" of $5,000 per day "for each day past April 30, 2007, added to the penalty until the full amount is paid." November Amendment ¶ 6. The handwritten addition by ACL also stated that ACL would forfeit "any Earnest Money paid or payable to the date of termination plus the penalty payable in paragraph 6." Id. (emphasis added). Furthermore, in a letter from the Manager of .Com, Howard Carr, to ACL, the $250,000 was referred to as "an agreed penalty for canceling this contract." Compl. Ex. H, Letter from Howard Carr to Roland Guyot (Feb. 13, 2007).

## CONCLUSION

Considering the course of negotiations of the parties, the language of the Agreement and Amendments, and the characterization of payments, the court concludes that the amounts in question were far greater than the amount required to make .Com whole after ACL breached the contract, and that the parties' choice of language supports this conclusion. As such, the amounts at issue are unenforceable penalties under Virginia law. See O'Brian, 507 S.E.2d at 365. Therefore, the court concludes that the plaintiff's motion for summary judgment must be granted and the defendant's motion for summary judgment must be denied. The portions of the parties' agreement setting forth unenforceable penalties must be stricken from the parties' contract.

For the reasons stated, the plaintiff's motion for summary judgment is granted and the defendant's motion for summary judgment is denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 25th day of May, 2007.

_____
United States District Judge