CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 0 3 2007

JOHN F. CORCORAN, CLERK
BY: /s/ Moody
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ACL REALTY CORP., | ) |
| Plaintiff, | ) Civil Action No. 7:07CV00124 |
| v. | ) **MEMORANDUM OPINION** |
| .COM PROPERTIES, LLC, | ) By: Hon. Glen E. Conrad |
| and | ) United States District Judge |
| .COM PROPERTIES II, LLC, | ) |
| Defendants. | ) |

This case is now before the court on the plaintiff's motion for costs and attorneys' fees. For the reasons set forth in this memorandum opinion, the plaintiff's motion will be granted in part.

I. BACKGROUND

On March 14, 2007, ACL Realty Corporation ("ACL") filed a declaratory judgment action against .Com Properties, LLC and .Com Properties II, LLC (collectively ".Com"), requesting the court to strike a provision of the contract between the parties requiring the payment of certain sums in the event of termination. ACL had notified .Com that it was terminating the agreement on February 7, 2007. The parties filed cross motions for summary judgment on May 8, 2007. In an opinion and order entered on May 30, 2007, the court granted summary judgment in favor of the plaintiff, finding that the provision was an unenforceable penalty under Virginia law. ACL filed the instant motion on June 13, 2007, requesting the court to award it the actual costs and attorneys' fees incurred as a result of the litigation.

## II. DISCUSSION

Although a prevailing party is typically not permitted to recover attorneys' fees from the opposing party, "parties are free to draft and adopt contractual provisions shifting the responsibility for attorneys' fees to the losing party in a contract dispute." Ulloa v. QSP, Inc., 271 Va. 72, 81 (2006) (citing Mullins v. Richlands Nat'l Bank, 241 Va. 447, 449 (1991)). The parties in this case have included such a provision in their contract as follows:

> 26. EXPENSE OF ENFORCEMENT. If any party hereto brings an action with respect to this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees actually incurred.

A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." Sheets v. Castle, 263 Va. 407, 413 (2002) (quoting Black's Law Dictionary 1145 (7th ed. 1999)). There is no dispute that ACL is the prevailing party in this action. The court found in ACL's favor on its motion for summary judgment and denied the summary judgment motion of .Com.

Nevertheless, .Com argues that ACL should not be entitled to attorneys' fees and costs because ACL itself initiated this action prior to any threat of litigation from .Com with regard to the enforcement of the penalty clause. Instead, .Com contends that it sent only one letter to ACL requesting payment and that ACL preemptively filed this "unnecessary" declaratory judgment action. The court notes that the contract provision described above permits the recovery of attorneys' fees by "any" party to the contract who brings an action and does not specify the particular circumstances in which a party may or may not do so. Upon the receipt of .Com's letter indicating its intent to collect the penalty in this case, ACL decided to protect its position by initiating litigation in order to have the court determine whether the requested amount was an

2

unenforceable penalty. Such action falls within the contractual language and does not act as a bar to the collection of attorneys' fees in this case. The court does find it unfortunate, however, that the plaintiff failed to attempt any informal resolution of the matter prior to initiating potentially costly litigation.

.Com also contends that ACL failed to timely file its motion for costs and attorneys' fees. Pursuant to Federal Rule of Civil Procedure 54, a party must file such a motion within 14 days after the entry of judgment in a case. Fed. R. Civil P. 54(d)(2)(B). The final order in this case was entered on May 30, 2007, not on May 25, 2007 as asserted by .Com. See Fed. R. Civ. P. 58(b). ACL filed its motion for costs and attorneys' fees on June 13, 2007, just within the 14 day period. Therefore, the courts finds that motion is timely.

Next, .Com asserts that, because ACL failed to specifically request attorneys' fees or costs in its original complaint, it is barred from making that request at this time as that relief was not specifically pled. The court finds this argument unavailing. A party need not demand a particular type of relief in its pleadings as a precursor to recovery so long as the court ultimately determines that the party is entitled to such relief. See Fed. R. Civ. P. 54(c); Gilbane Bldg. Co. v. Federal Reserve Bank, 80 F.3d 895, 900 (4th Cir. 1996). In this case, ACL is entitled to some measure of its attorneys' fees and costs actually incurred in the prosecution of this action pursuant to the terms of the agreement between the parties.

Nevertheless, "the party claiming the legal fees has the burden of proving *prima facie* that the fees are reasonable and were necessary." Chawla v. BurgerBusters, Inc., 255 Va. 616, 623 (1998). In determining whether such fees are reasonable, a court may consider, *inter alia*:

> the time and effort expended by the attorney, the nature of the services rendered, the

3

complexity of the services, the value of the services to the client, the results obtained, whether the fees incurred were consistent with those generally charged for similar services, and whether the services were necessary and appropriate.

West Square, L.L.C. v. Communication Techs., Inc., 649 S.E.2d 698 (2007) (quoting Chawla, supra, 255 Va. at 623).

In West Square, the Virginia Supreme Court affirmed the decision of the circuit court in awarding attorneys' fees to the plaintiff and prevailing party, West Square, L.L.C. That case involved a lease dispute in which the plaintiff non-suited two of its three claims on the second day of trial. West Square, supra, 649 S.E.2d 698. The circuit court ultimately ruled in the plaintiff's favor on its remaining claim and a counter-claim, and awarded the plaintiff $35,442.78 in damages plus interest. Id. West Square went on to seek approximately $71,380 in attorneys' fees and costs pursuant to a provision in the lease permitting recovery of such fees by a prevailing party in an action arising out of the lease. Id. After noting that the amount of fees and costs requested was "exorbitant," the circuit court held that a reasonable attorneys' fee was $10,000, considering the type of case and the amount sued for. Id. In affirming the decision of the circuit court, the Virginia Supreme Court held that the circuit court need not articulate "a finding with regard to each of the factors we identified in our prior cases" so long as the court noted "the factors it found relevant in deciding the reasonableness of West Square's requested attorneys' fees." Id. The Court also noted that "particular factors may have added or lessened significance depending on the circumstances of each case." Id.

In this case, ACL has attached to its motion a billing summary and itemized services bills which detail the hours expended by various attorneys on its behalf as well as their hourly rates. According to these documents, the attorneys spent a total of 82.9 hours on this matter at billing

4

rates ranging from $375 per hour to $220 per hour. See ACL's Motion for Costs and Attorneys' Fees, Exhibit B. In addition, 25.1 hours of paralegal time at the rate of $155 per hour was included. Id. ACL has also included an affidavit from Stephen Swartz, the President of ACL, stating that it has been billed for and has incurred a total of $29,573.12 in legal fees and costs in association with this litigation. See ACL's Motion for Costs and Attorneys' Fees, Exhibit C. ACL asserts that the work performed by its counsel was at the firm's standard rates and was completed in an appropriate amount of time. ACL also contends that the fees are reasonable in light of the amount of the penalty at issue in the case and are "consistent with those generally charged in complex civil litigation between corporations."

The court finds that the hourly rates charged to ACL are higher than those typically found appropriate in the Western District of Virginia. The court believes that a more reasonable maximum rate, based upon its survey of cases in this district, is $250.00 per hour with corresponding lower rates for more junior personnel. Furthermore, after reviewing the detailed bills submitted by the plaintiff, the court finds that the hours spent by both the attorneys and the paralegals assigned to this case were disproportionate to those that would typically be spent on a case of this nature. This matter was not particularly complex, the law in Virginia was settled with regard to the legal issues involved, and the matter was decided by the court shortly after the complaint was filed on the basis of cross motions for summary judgment without the need for any significant discovery.

In addition, .Com claims that ACL should not be entitled to any attorneys' fees or costs incurred prior to February 13, 2007, the date .Com sent ACL the letter requesting payment of the penalty, and after May 15, 2007, the date of the hearing before this court on the cross motions for

5

summary judgment. The court agrees that ACL is not entitled to an award of the attorneys' fees and costs incurred prior to February 13, 2007, as that is the date upon which the dispute between the parties actually arose. With regard to fees and costs incurred after May 15, 2007, the court finds that some measure of attorneys' fees is appropriate given the necessary actions of counsel following a hearing with regard to communication with a client and appropriate follow-up.

Having considered all the facts and circumstances in this case as heretofore described, the court is of the opinion that the sum of $13,181.60 fully and fairly compensates the plaintiff for its reasonable attorneys' fees and costs actually incurred. Therefore, the court will grant the plaintiff's motion for costs and attorneys' fees to that extent.

The Clerk of Court is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER: This 3rd day of October, 2007.

/s/ Jack Conrad
United States District Judge